IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES CARL, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: |
| ) | |
| v. ) | |
| ) | Trial By Jury Demanded |
| MBNA, AMERICA BANK, N.A. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

## THE PARTIES

1. The plaintiff Charles Carl (hereinafter referred to as "Carl"), is a resident of the State of Delaware, residing in New Castle County.

2. The defendant, MBNA America Bank, N.A. (hereinafter referred to as "MBNA") is an entity organized and existing as a Federally Chartered bank, whose agent for service of process is the Corporation itself, at 1100 N. King Street, Wilmington, DE 19801.

3. At all times the defendant, MBNA, as it continuously does now has fifteen (15) employees for each working day for each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

4. The defendant, MBNA, was at all pertinent times, prior to the constructive dismissal of the plaintiff, the employer of the plaintiff, Carl.

5. At all relevant times the defendant, MBNA, has continuously been engaged in an industry effecting commerce within the meaning of the ADA §101(5), 42

U.S.C.§12111(5), and ADA §107(a), 42 U.S.C.§11217(a), which incorporates by reference §701(g)-(h) of Title VII, 42 U.S.C.§§2000e(g)(h).

6.  At all relevant times, the defendant MBNA has been a covered entity under the ADA, §101(2), 42 U.S.C.§12111(2).

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over the "Americans With Disabilities Act" claims, pursuant 28 U.S.C. §1331 and 28 U.S.C. §1343. This Court has jurisdiction over ancillary matters pursuant to 28 U.S.C. §1367.

8.  This action is authorized and instituted pursuant to §107(a) of the "Americans With Disabilities Act" of 1990 ("ADA") (42 U.S.C. §12101 et. seq, which incorporates by reference §706(f)(1) & (3) of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C.§§2000e-5(f)(1)(3), and pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C.§1981(a).

9.  Venue for all causes of action stated herein lies in the District of Delaware, under 28 U.S.C.§1331, and the acts alleged as the basis for these actions took place within the boundaries of this district, although facts relevant to these proceedings may have also taken place in the State of Maine.

## PREREQUISITES

10. The plaintiff Carl, has met the prerequisites for filing suit under the ADA. On August 1, 2002, Carl filed a charge ("the charge") with the Equal Employment Opportunity Commission, alleging that he had been discriminated against in violation of Title I of the ADA. (A copy of that charge is attached hereto as Exhibit "A").

11. On September 30, 2003 the Equal Employment Opportunity Commission issued an Agency Determination with respect to the charge of discrimination, described in the preceding paragraph, finding that that the evidence obtained in the case showed that the plaintiff requested a reasonable accommodation from the defendant, and the defendant failed to explore means to reasonably accommodate the plaintiff, but rather progressively disciplined and discharged the plaintiff.

12. On November 3, 2005, the EEOC issued to the plaintiff, a "Notice of Right to Sue" permitting Carl to bring this action against the defendant, MBNA, in the United States District Court for the District of Delaware, which notice was received by Carl on or about November 4, 2005. (The "Notice of Right to Sue" is attached hereto as Exhibit "2").

13. The plaintiff has filed suit in this matter within ninety (90) days of receipt of his "Notice of Right to Sue", having received such notice on or about November 4, 2005.

## FACTUAL ALLEGATIONS

14. The plaintiff, is an adult male, who has been diagnosed as suffering from "Atypical Bipolar Disease", accompanied with Schizophrenia.

15. The conditions of which the plaintiff has been diagnosed, described in paragraph 14 substantially limits the plaintiff in his ability to communicate, comprehend verbal commands, relate to others, reason, interpret verbal commands, and to work.

16. Beginning on January 9, 2001, the plaintiff was employment by the defendant in the Facility Operations Department, located at the Christiana facility in Newark, Delaware, in the position of Environmental Services Representative III.

17. For several years after beginning his employment with the defendant, the plaintiff successfully performed his job duties.

18. As a result of the medical conditions for which the plaintiff suffers, and for which he was at all times relevant herein, under close medical supervision, he was required to take significant amounts of medication, which have been described as being "powerful medications" with significant side effects.

19. In January 2001 the plaintiff, and/or his disability case worker requested of the defendant a reasonable accommodation of the plaintiff's disability with either a reduction in hours, or change in shift in order to accommodate the side effects of his medication.

20. As a result of the side effects of his medication, and his underlying disease, the plaintiff encountered increased disabilities in maintaining the work schedule set for him by the defendant.

21. Rather than participate in an interactive process with the plaintiff in order to determine if there was a reasonable accommodation available to him the defendant merely "counseled" the plaintiff to warn him against any further failures to meet the expectations of his employment.

22. In March 2001 the plaintiff was involved in a motor vehicle accident which increased the symptoms of his underlying disability both as a result of the accident, and the need to modify his medications.

23. The defendant has refused to provide an interactive process to the plaintiff to determine if there was a reasonable accommodation, claiming that any request for

such accommodation should not be made to the defendant's personnel department, but should be made directly to plaintiff's immediate managers.

24. In November 2001, plaintiff's physicians again requested a reasonable accommodation for the plaintiff's underlying disability, and again, the defendant's only response was to further counsel and/or discipline the plaintiff.

25. In January 2002, as a result of the defendant's failure to provide an accommodation for the plaintiff's disability, the defendant terminated the plaintiff's employment.

26. If the defendant had provided to the plaintiff an interactive process or a reasonable accommodation of the plaintiff's disability, the plaintiff could have, with reasonable accommodation, performed the essential function of his position.

## COUNT I

### Violation of Americans With Disabilities Act

27. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 26.

28. The actions of the defendant in failing to make reasonable accommodation for the plaintiff's disability is in violation of the Americans With Disabilities Act, 42 U.S.C.§12112(b)(5)(a).

29. The actions of the defendant in terminating the employment of the plaintiff, were has a result of defendant's either failure to accommodate the plaintiff's disability by participating in an interactive process to determine what a reasonable accommodation would be, and/or the defendant regarding the plaintiff as being disabled and refusing to attempt a reasonable accommodation.

30. At all times herein the actions of the defendant, MBNA, have been committed in bad faith.

31. As a direct and proximate result of the defendant's discriminatory conduct, the plaintiff has suffered severe emotional distress, humiliation, emotional pain and suffering, mental anguish and other non-pecuniary losses.

32. As a direct and proximate result of the defendant's discriminatory conduct, the plaintiff has incurred lost wages and benefits.

33. As a further direct and proximate result of the defendant's discriminatory conduct, the plaintiff incurred and will continue to incur medical expenses related to her emotional distress.

## COUNT II

34. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 33.

35. Defendant, MBNA by and through the actions of its agents, servants and employees retaliated against and harassed the plaintiff for requesting a reasonable accommodation in violation of 42 U.S.C.§12203, and/or for requesting re-employment by denying such employment to her.

**WHEREFORE**, the plaintiff requests this Court to grant relief as follows:

a. Award lost wages, both for past lost wages and future lost wages constituting such damages as the Court deems appropriate, and front pay.

b. Directing the defendant pay to the plaintiff all reasonable medical expenses incurred by the defendant's actions.

    c.    Direct that the defendant pay to the plaintiff reasonable sums of money to compensate the plaintiff for his pain and suffering.

    d.    Direct that the defendant pay to the plaintiff reasonable sums as punitive and exemplary damages.

    e.    Award to the plaintiff attorney fees, litigation expenses, and all reasonable Court costs.

    f.    Award injunctive and equitable relief in the form of reinstatement and/or front pay.

    g.    Such other and further relief that this Court shall deem appropriate.

ABER, GOLDLUST, BAKER & OVER

_/s/ Gary W. Aber_
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
302-658-1800
Attorney for Plaintiff

DATED: December 29, 2005

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974 | ☐ FEPA 02085424<br>☐ EEOC 17CA200556 |

Delaware Department of Labor                    and EEOC
(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Mr. Charles Carl | (302) 328-2530 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2 Catherine Street | New Castle DE 19720 | NCC |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME | NO. OF EMPLOYEES OR MEMBERS | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| MBNA America Bank | 10,000+ | (302) 453-9930 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 1100 North King Street, | Wilmington, DE 19884-0241 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ AGE
☐ RETALIATION  ☒ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST   1/9/2001
LATEST     1/3/2002
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I am an individual with a disability who is qualified to perform the essential functions of my position, with or without reasonable accommodation. Beginning 1/9/01, I made several requests for reasonable accommodation, including the possibility of reduced hours or a shift change. Respondent denied my requests, but subjected me to its progressive discipline policy because of the effects of my disability which would have been eliminated had my requests for accommodation been granted. Consequently, on 1/3/02 I was discharged.

Respondent's stated reason for my discharge was that I left my shift early in October 2001. Respondent also stated that it denied my requests for reduced hours because those requests were made to Personnel rather than to my managers.

I believe I have been discriminated against in violation of the Americans With Disabilities Act ("ADA") and the Delaware Handicapped Persons Employment Protections Act ("DHPEPA") because: first my requests for accommodation to remove barriers to my continued employment were denied. Then, the barriers that would have been eliminated by the accommodations requested were used to discipline and ultimately discharge me from employment.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary to meet State and Local Requirements)

Date: 8-1-02        Charging Party (Signature): Charles D. Carl

Subscribed and sworn to before me this date                 (Day, month, and year)

EEOC FORM 5
REV 6/92                 PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# EXHIBIT 2

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To: Charles Carl
2 Catherine Street
New Castle, DE 19720

From:
Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

NOV - 4 2005

[ ]    On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2002-00556 | Legal Unit | (215) 440-2828 |

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that is will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit **may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____      _November 3, 2005_
Marie M. Tomasso, District Director      *(Date Mailed)*

Enclosure(s)

cc:    Launice P. Sills, First President and Counsel
       Gary W. Aber, Esquire, Charging Party's Attorney