IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES CARL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 05-918-SLR |
| MBNA AMERICA BANK, N.A., | ) ) ) |
| Defendant. | ) |

## ANSWER

Defendant, MBNA America Bank, N.A. ("Defendant"), through the undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### THE PARTIES

1. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 1 and, therefore, denies the same.

2. Defendant admits the allegations of paragraph 2.

3. Defendant admits that in the current or preceding calendar year it has had at least fifteen employees for each working day for each of twenty or more calendar weeks.

4. Defendant denies that Plaintiff was constructively discharged, but admits that Plaintiff was employed by Defendant prior to his termination.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

### JURISDICTION AND VENUE

7. The allegations of paragraph 7 constitute a legal conclusion which Defendant is not required to admit or deny.

8. The allegations of paragraph 8 constitute a legal conclusion which Defendant is not required to admit or deny.

9. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 9 and, therefore, denies the same.

## PREREQUISITES

10. Defendant admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that he had been discriminated against on the basis of his disability and that a copy of the charge is attached as an exhibit to the Complaint. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 10 and, therefore, denies the same.

11. Defendant admits that the EEOC issued a Determination dated September 30, 2003. The Determination speaks for itself.

12. Defendant admits that the EEOC issued a Notice of Right to Sue on November 3, 2005 and that a copy of the Notice of Right to Sue is attached as an exhibit to the Complaint. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 12 and, therefore, denies the same

13. Defendant admits that the Complaint was filed on December 29, 2005 which is within 90 days of November 3, 2005.

## FACTUAL ALLEGATIONS

14. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 14 and, therefore, denies the same.

15. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 15 and, therefore, denies the same.

16. Defendant admits that on January 9, 2001, Plaintiff was employed as an Environmental Services Representative III in the Christiana Environmental Services Department. Defendant denies that Plaintiff's employment began on January 9, 2001.

17. Defendant admits that at times Plaintiff successfully performed his job duties, but denies that he did so at all times during his employment with Defendant.

18. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 18 and, therefore, denies the same.

19. Defendant denies the allegations of paragraph 19.

20. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 20 and, therefore, denies the same.

21. Defendant denies the allegations of paragraph 21.

22. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 22 and, therefore, denies the same.

23. Defendant denies the allegations of paragraph 23.

24. Denied except admitted that Plaintiff's physicians requested a reasonable accommodation as stated.

25. Defendant admits that Plaintiff's employment was terminated in January 2002, but denies the remaining allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

## COUNT I
### Violation of Americans With Disabilities Act

27. Defendant incorporates herein by reference its answers to paragraphs 1 through 26.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

## COUNT II

34. Defendant incorporates herein by reference its answers to paragraphs 1 through 33.

35. Defendant denies the allegations of paragraph 35.

Defendant responds to the unnumbered "WHEREFORE" paragraph, and each of its subparagraphs, by stating that it denies that Plaintiff is entitled to any of the requested relief against Defendant under any theory.

Defendant further responds to Plaintiff's Complaint by stating that any allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are not actionable because Plaintiff cannot establish a prima facie case of disability discrimination or retaliation under any theory.

### THIRD DEFENSE

Plaintiff's claims are not actionable because Plaintiff was not a qualified individual with a disability.

## FOURTH DEFENSE

Plaintiff's claims are not actionable because Defendant fully discharged its duties under the Americans with Disabilities Act with respect to Plaintiff.

## FIFTH DEFENSE

Plaintiff failed to engage in good faith in the interactive process required by the Americans with Disabilities Act.

## SIXTH DEFENSE

Plaintiff's claims are not actionable because Defendant's conduct with respect to Plaintiff and the reasons therefor were in all cases legitimate, nondiscriminatory, and non- retaliatory.

## SEVENTH DEFENSE

Plaintiff's claims are not actionable because Plaintiff cannot show that any reason offered by Defendant for its conduct with respect to Plaintiff was in any way or in any case a pretext for purposeful, intentional and/or legally prohibited discrimination or retaliation.

## EIGHTH DEFENSE

In the alternative, Plaintiff's claims are not actionable because the same decisions would have resulted even if an impermissible purpose had been considered.

## NINTH DEFENSE

Defendant reserves the right to assert that Plaintiff has failed to mitigate his damages, if any, should the facts reveal this to be the case upon completion of discovery.

## TENTH DEFENSE

Defendant reserves the right to assert that some or all of Plaintiff's claims are not actionable because Plaintiff failed to exhaust his administrative remedies and/or failed to file a timely charge of discrimination with the appropriate administrative agency and/or because

Plaintiff's claims were not investigated or considered by the administrative agency should the facts reveal this to be the case upon completion of discovery.

### ELEVENTH DEFENSE

Defendant reserves the right to assert that some or all of Plaintiff's claims are barred by the applicable limitations period and/or were not brought in a timely manner should the facts upon completion of discovery establish it.

### TWELFTH DEFENSE

Plaintiff is not entitled to punitive damages with respect to any of his claims because Defendant did not engage in discriminatory or retaliatory practices, did not act with malice or in reckless or willful indifference or disregard to the legally protected rights of Plaintiff, and did not act in any other willful, egregious, vexatious, or improper manner that would support any award of punitive damages in this matter and because Defendant has made good faith efforts to comply with its duties under the law.

### THIRTEENTH DEFENSE

Plaintiff's claims for damages are not actionable to the extent they seek damages beyond the maximum permitted by the Americans with Disabilities Act.

### FOURTEENTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses as they become known during the course of discovery.

WHEREFORE, Defendant having answered Plaintiff's Complaint, respectfully requests that the Court dismiss all of Plaintiff's claims against Defendant with prejudice, enter judgment in favor of Defendant and against Plaintiff as to each of Plaintiff's claims, award Defendant its

costs and reasonable attorneys' fees, and allow Defendant such other and further relief as the Court may deem just and proper in this case.

Respectfully submitted,

/s/ Sheldon N. Sandler
Sheldon N. Sandler, Esquire (No. 245)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
Email: ssandler@ycst.com

and

Elena D. Marcuss, Esquire
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, MD 21202
Telephone: (410) 659-4400
Facsimile: (410) 659-4547
Email: emarcuss@mcguirewoods.com

Attorneys for Defendant

Dated:  May 26, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2006, I electronically filed a true and correct copy of the foregoing Answer with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Gary W. Aber, Esquire
>Aber, Goldlust, Baker & Over
>702 King Street, Suite 600
>P.O. Box 1675
>Wilmington, DE  19899

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>_____
>Sheldon N. Sandler, Esquire (No. 0245)
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, Delaware  19899-0391
>Telephone: (302) 571-6673
>Facsimile: (302) 576-3330
>Email:  ssandler@ycst.com
>Attorneys for Defendant

Dated:   May 26, 2006