## Issued by the
### UNITED STATES DISTRICT COURT

DISTRICT OF            DELAWARE

Charles Carl,

**SUBPOENA IN A CIVIL CASE**

V.

CASE NUMBER:[1]   05-918 SLR

MBNA America Bank, N.A.

TO:
Records Custodian
Pedro M. Ferriera, Ph.D.
1303 Foulk Road
Wilmington, Delaware 19803

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Any and all records or documents relating to Charles Carl, Jr.,         , including, but not limited to: Mr. Carl's complete patient chart, correspondence related to Mr. Carl, his bills, any other patient records, radiographic films or studies and test results.**

| PLACE | DATE AND TIME |
| --- | --- |
| Young, Conaway, Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-1031 | November 22, 2006 at 9:00 a.m.[1] |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)                      Attorney for Defendant | DATE 11/8/06 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sheldon N. Sandler, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-1031, 302-571-6673

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] **Personal appearance is waived if documents are produced by specified date.**

## PROOF OF SERVICE

| | |
|---|---|
| DATE 11/16/06 | PLACE 1303 Foulk RD Wilm DE 19803 |
| SERVED PEDRO M FERRIERA PHD | |
| SERVED ON (PRINT NAME) MARGARET FERRIERA | MANNER OF SERVICE By Hand AT 12:50PM |
| SERVED BY (PRINT NAME) JOHN A GARBER | TITLE Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11/16/06
DATE

SIGNATURE OF SERVER

230 N MARKET ST
ADDRESS OF SERVER

Wilm DE 19801

---

ule 45, Federal Rules of Civil Procedure, Parts C & D:

:) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and ervice of a subpoena shall take reasonable steps to avoid nposing undue burden or expense on a person subject to that ibpoena.  The court on behalf of which the subpoena was issued iall enforce this duty and impose upon the party or attorney in reach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
  (2)(A) A person commanded to produce and permit inspection nd copying of designated books, papers, documents or tangible iings, or inspection of premises need not appear in person at the lace of production or inspection unless commanded to appear for 2position, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person ommanded to produce and permit inspection and copying may, ithin 14 days after service of the subpoena or before the time )ecified for compliance if such time is less than 14 days after 2rvice, serve upon the party or attorney designated in the ıbpoena written objection to inspection or copying of any or all of ıe designated materials or of the premises.  If objection is made, ıe party serving the subpoena shall not be entitled to inspect and )py the materials or inspect the premises except pursuant to an 'der of the court by which the subpoena was issued.  If objection ıs been made, the party serving the subpoena may, upon notice ı the person commanded to produce, move at any time for an 'der to compel the production.  Such an order to compel 'oduction shall protect any person who is not a party or an officer ' a party from significant expense resulting from the inspection ıd copying commanded.
  (3)(A) On timely motion, the court by which a subpoena was sued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
 (d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.